■ MICHAEL J. ROMEO, Respondent, v BIMCO INDUSTRIES, INC., Appellant.—In an action to recover the amount of premiums due on certain

policies of insurance, in which defendant counterclaims for credit for certain overpayments, defendant appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Suffolk County entered June 14, 1976, as amended by judgments of the same court entered August 26, 1976 and September 13, 1976, as is in favor of plaintiff and against it, after a nonjury trial. Judgment, as amended, affirmed insofar as appealed from, with costs. Defendant-appellant contends on appeal: (1) that the proof on the type of account that plaintiff-respondent carried for it did not establish that it was "an open running account or an account stated"; (2) that plaintiff failed to follow defendant's instructions in obtaining a certain policy of insurance for it, thus negating defendant's obligation to pay for that insurance policy. Defendant's first point has no relevance to the decision of the trial court. Nowhere was "an account stated" put into issue; neither is an account stated synonymous with "an open or running account". As to the second point raised on appeal, it is clear, as the Special Term found, that plaintiff had authority to act for defendant in securing the liability policy at issue. That the premium seemed excessive to defendant's president *after* one of its transportation contracts was canceled does not suffice to prove that plaintiff failed to follow initial instructions in securing a policy of insurance at a competitive rate. Cohalan, J. P., Damiani, Rabin and Titone, JJ., concur.